HENRY G. BROWN, administrator, *vs.* LEWIS H. REED.

Oxford. Opinion January 3, 1889.

*Objection to juror. Waiver. Party. "Before trial." New trial. Notice. Defective declaration. R. S., c. 82, § 88.*

The statute, R. S., c. 82, § 88, declares that if a party knows any objection to a juror in season to propose it before trial, and omits to do so, he shall not afterwards make it, unless by leave of court for special reasons. Here a party includes the attorney of a party, and the words "before trial" mean before verdict rendered.

The burden is on a party, who complains of the disqualifying relationship, of a juror to the adverse party, to show that neither he, nor any one of the attorneys engaged for him in the trial, knew the fact before the verdict was rendered.

A party or his attorney will be considered as knowing the fact who has information, from trustworthy sources, of the probable existence of the fact, and neglects to make inquiry to ascertain whether the information be well founded or not.

A new trial, will not be granted, on motion because of a grossly defective declaration, when no demurrer was filed, and no objection made at the trial to the reception of the evidence or to the charge of the judge touching the same, and the defects are such as may be cured by amendment.

On Motion. This was an action of trover brought by the plaintiff, as administrator of David F. Brown, of Mexico, to recover the value of personal property, rights and credits, of plaintiff's intestate which it was alleged had been converted by the defendant.

The case was tried at the October term, A. D. 1887, and the jury returned a general verdict for plaintiff for the sum of twenty-three hundred and thirty dollars with special findings against the defendant, as follows:

"Special finding.—Did David F. Brown, on May 28th, 1880, when he executed the written transfer of his personal property, understand that he was thereby transferring the title of the property to the defendant and the consideration to be received by himself? Answer, No.

Was the contract made by the undue influence of the defendant? Answer, Yes."

Besides the general motion by defendant to set aside the verdict as against law and evidence, there was a specification in the general motion of a special ground of vacating the verdict because of the relationship of the foreman of the jury to the plaintiff.

*J. P. Swasey*, for the plaintiff.

From the testimony it appears, and without doubt is true, that the foreman was related to the plaintiff within the limitation under rule XXII, R. S., c. 1; but "the right so far as it relates to jurors may be lost by neglect and omission of the parties." *Tilton* v. *Kimball*, 52 Maine, 500; R. S., c. 62, § 88.

Before a party can claim a new trial for the cause he alleged, it must affirmatively appear that he and his counsel were ignorant of their existence at or before the trial. *State* v. *Bowden*, 71 Maine, 89.

The courts have repeatedly held that a party knowing a ground of exception who does not seasonably take it, must be deemed to have waived it. *Orrok* v. *Ins. Co.*, 21 Pick. 277; *Inhab. of Adams*,

*Petitioners, &c.*, 10 Pick. 373; *Kent* v. *City of Charlestown*, 2 Gray, 281; *Davis* v. *Allen*, 11 Pick. 466; *Boston* v. *Baldwin*, 139 Mass. 315; *Rowe* v. *Canney*, 139 Mass. 41; *Duckworth* v. *Diggles*, 139 Mass. 51.

In *Tilton* v. *Kimball, supra*, this court, adopting the language of Shaw, C. J., say that "a party litigant, knowing of matter of personal exception to a juror, lies by, taking his chance for a favorable verdict. If, when the verdict is against him, he could go back and take the exception, it would work great injustice. By consenting to go on, with a knowledge of the exception, he consents to abide the result, whether favorable or unfavorable." *Ryan* v. *Riverside, and Oswego Mills*, 15 R. I. 436; *Tilton* v. *Beecher*, 59 N. Y. 184; *Harrington* v. *Tuttle*, 64 Maine, 474; *Haley* v. *Hobson*, 68 Maine, 167; *Chase* v. *Kenniston*, 76 Maine, 212; *Breed* v. *Breed*, 110 Mass. 535.

In cases of tort, the court will not set aside a verdict on the ground of excessive damages, unless from their magnitude, compared with the circumstances of the case, it be manifest that the jury acted intemperately, or were influenced by passion, partiality, prejudice or corruption. *Thompson* v. *Mussey*, 3 Maine, 305; *Williams* v. *Gilman*, 3 Maine, 276; *Jacobs* v. *Bangor*, 16 Maine, 187; *Gilbert* v. *Woodbury*, 22 Maine, 246; *Smith* v. *Brunswick*, 80 Maine, 189.

When the bill of particulars and verdict exceed the sum claimed in the declaration the excess may be remitted. *Butler* v. *Millett*, 47 Maine, 492.

*S. C. Strout, D. R. Hastings* with him, for the defendant.

This case comes before the court upon a motion for new trial, on two grounds:

1st. That the foreman of the jury was related to the plaintiff and his intestate within the 6th degree.

2d. That the verdict is against law and evidence.

Such relationship is an absolute disqualification of the juror. *Lane* v. *Goodwin*, 47 Maine, 594.

While the objection will be regarded as waived, if the fact is seasonably known to the party or his counsel, and no action is

taken by him, R. S., c. 82, § 88, there is nothing in this case upon which to found such a waiver.

R. S., c. 1, § 22, requires a waiver of relationship to be "by the written consent of the parties." This provision is modified as to jurors by R. S., c. 82, § 88, but that provision is, "if a party knows any objection to a juror in season to propose it before trial, and omits so to do," it is waived.

The rumor that came to defendant's counsel was not before the trial, but after the case was concluded and testimony closed, with nothing but arguments and charge to follow. This case is not within the terms of R. S., c. 28, § 88, which is itself an exception from the general provision requiring the consent to be in writing to obviate the objection. Counsel further cited: *Salters* v. *Everett*, 20 Wend. 267, 273; *Keeley* v. *Shed*, 10 Met. 317; *Pierce* v. *Benjamin*, 14 Pick. 356; *Wheelock* v. *Wheelock*, 5 Mass. 104; *Caldwell* v. *Eastman*, 5 Mass. 399; *Prescott* v. *Wright*, 6 Mass. 20; R. S., c. 82, § 62; *Hoey* v. *Candage*, 61 Maine, 262; *Lovett* v. *Pike*, 41 Maine, 340; 1 Chit. Pl. 161; Steph. Pl. 136.

PETERS, C. J. We are not satisfied that the motion to set aside the verdict because the foreman of the jury was related to one of the parties, should prevail. And we feel no reluctance in coming to such a conclusion as we are convinced that the relationship did not affect the verdict in the least degree; the juror not even knowing that any relationship existed.

The defendant had notice of the relationship within a reasonable meaning of the statute which declares that, if a party knows any objection to a juror in season to propose it before trial, and omits to do so, he shall not afterwards make it, unless by leave of court for special reasons. R. S., c. 82, § 88. A party includes the attorney of the party, and "before trial" must mean, in a matter of this kind, before the termination of the trial. The party cannot keep quiet and speculate upon the chances of a verdict in his favor. He should, at the first opportunity after the discovery is made, make an open disclosure of the fact for the benefit of all concerned. *Tilton* v. *Kimball*, 52 Maine, 500; *State* v. *Bowden*, 71 Maine, 89.

The burden is on the party complaining of the relationship, after verdict, to show that neither he, nor either of his attorneys, knew of the disqualifying relationship in season to communicate it in the proper quarter before the verdict had been rendered; and actual notice would amount to knowledge and in such a case is its equivalent.

One of the defendant's attorneys gives an account of an interview he had with the defendant's principal witness, a cousin of the defendant, on the morning before the arguments were made, as follows:

"I had no sort of knowledge of any relationship and never had heard it intimated that there was any relationship between the foreman of the jury and either of the parties during the progress of the trial up to Friday morning. The case was closed and all the evidence submitted to the jury Thursday night; up to that time I had never heard the least rumor and never thought of the thing of there being any relationship existing between any member of the jury and either party."

"Friday morning, I can't tell exactly what time, it seems to me pretty near breakfast time, at any rate it was a little before the court opened for the arguments, William W. Bolster came into my room and said to me, 'When I woke up this morning I began to think about the Reed case, and it occurred to me that if the foreman of the jury is Mell Kimball, and the son of Peter Kimball, I think there must be some relationship between him and the plaintiff.' Said I, 'Do you know it?' 'No, I don't.' 'Do you know how it comes?' Said he, 'No; it occurred to me that there might be some relationship.' Said I, 'Can't you find out sure?' Says he, 'No, I can't till I go home.' Says I, 'When are you going home?' He said, I think, 'The first train; ten o'clock train.' I asked him to immediately find out and telegraph, and he said he would. I put so little confidence in what he said—.''

On cross-examination, defendant's attorney further said:

"I made no efforts because I didn't put any sort of confidence in what Mr. Bolster told me and I didn't know whom to go to for information, but I did send Mr. Bolster home and told him to telegraph me.

I asked him what he knew about it; said I, 'How did it come?' and he said if in any way, it comes through Kimball's mother, who was a Wheeler; but he didn't know whether there was any or not, really; he thought there was."

We think there was reasonable notice, in fact and effect a notice, which should have been at once disclosed to the other side. The source from which it emanated and the earnestness with which it was communicated, gave it character and importance. We have lately considered the subject of actual notice very fully, in the case of *Knapp* v. *Bailey*, 79 Maine, 195, and the discussion in that case equally applies to the facts in this. In that case the general proposition was agreed to that "if a party has knowledge of such facts as would lead a fair and prudent man, using ordinary caution, to make further inquiries, and he avoid inquiry, he is chargeable with the notice of the facts which by ordinary diligence he would have ascertained." Upon that rule we think the present motion, as far as this point is concerned, fails.

It is objected against the verdict that it exceeds the sum declared for in the writ. That is undoubtedly so, if a recovery by the plaintiff is to be limited to such items as are with strict technicality declared for. But such construction will exclude the allowance of items which, though not accurately declared for, were presented in evidence and considered by the jury without any objection, as far as the writ and declaration are concerned, on the part of the defendant. He neither demurred to the writ, nor objected to the evidence in support of any of the items, nor excepted to any rulings in regard to them. On motion after verdict this objection comes too late.

The plaintiff declares in trover for chattels and choses in action alleged to be of the value of $5000.00, a sum much exceeding the amount of the verdict, and refers to a schedule annexed to the writ, in which articles are enumerated which aggregate $1416.83 in value, and then an item is added, with no value carried out, "And all other notes, &c." The jury must have allowed a considerable sum for the conversion of notes which were in no other manner declared for. The declaration is irregular enough to have provoked objection before or at the trial, but none was urged.

Had there been objection, the plaintiff could have moved for an amendment, to be granted either with or without terms.

Nor on the question of insanity or undue influence, after careful examination of the evidence, are we satisfied that the verdict should be overruled.

The defendant contends that the damages are excessive in any view. On this branch of the case the evidence is somewhat doubtful and not easily understood. Mortgages are spoken of, the amounts of which do not appear in the report of the case. The burden is upon the defendant to show that the jury erred. He fails to do so.

*Motions and exceptions overruled.*

DANFORTH, VIRGIN, EMERY AND HASKELL, JJ., concurred.