STATE of Maine

v.

Tyler KELLY.

Supreme Judicial Court of Maine.

Argued March 3, 1992.

Decided April 22, 1992.

Paul Stern (orally), Asst. Atty. Gen., Augusta, for the State.

William Smith, Van Buren, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Tyler Kelly appeals from the judgment entered in the Superior Court[1] (Aroostook County, *Pierson, J.*) on a jury verdict in favor of the State on its action against Kelly for forcible entry and detainer pursuant to 14 M.R.S.A. § 6001 (Supp.1991).[2] We find no merit in Kelly's contentions that the trial court erred in its instructions

1. Pursuant to 14 M.R.S.A. § 6006 (1980), this action was removed to the Superior Court from the District Court in which the State had filed its complaint against Kelly.

2. The statute provides in relevant part:
    **1. Persons against whom process may be maintained.** Process of forcible entry and detainer may be maintained against a disseisor who has not acquired any claim by possession and improvement; against a tenant holding under a written lease or contract or person holding under such tenant; against a tenant where the occupancy of the premises is incidental to the employment of a tenant; at the expiration or forfeiture of the term, without notice, if commenced within 7 days from the expiration or forfeiture of the term; and against a tenant at will, whose tenancy has been terminated as provided in section 6002.
    14 M.R.S.A. § 6001(1) (Supp.1991).

3. The statute provides:

to the jury and in denying his motions for a judgment notwithstanding the verdict and for a new trial. Because we agree with Kelly that the judgment erroneously provides for a judgment for the State "on [Kelly's] complaint of adverse possession," we delete that language from the judgment and affirm the judgment as amended.

In 1986, the State initiated this action to remove Kelly from two acres of State owned land at Fall Brook Pond near Allagash. Since 1950, Kelly and his father have conducted a boat rental business on the land at issue and have made some improvements to the land. Kelly purchased the business from his father in 1984. Kelly's answer raised a single defense: a claim of ownership by adverse possession pursuant to 14 M.R.S.A. § 815 (1980).[3] At the trial's conclusion, the motions of both parties for directed verdicts were denied. Following the jury verdict, the Superior Court entered a judgment for the State. The court denied Kelly's motions for a judgment notwithstanding the verdict and for a new trial.

Kelly first contends that pursuant to 14 M.R.S.A. § 6956 (1980)[4] he was entitled to be compensated for claimed improvements on the premises and that the trial court's refusal of his proposed instruction and denial of his motion for a judgment notwithstanding the verdict on this issue was error. We have previously stat-

No real or mixed action for the recovery of lands shall be commenced or maintained against any person in possession thereof, when such person or those under whom he claims have been in actual possession for more than 40 years, claiming to hold them by adverse, open, peaceable, notorious and exclusive possession, in their own right.
14 M.R.S.A. § 815 (1980).

4. The statute provides:
    When the demanded premises have been in the actual possession of the defendant or of those under whom he claims for 6 successive years or more before commencement of the action, such defendant shall be allowed a compensation for the value of any buildings and improvements on the premises made by him or by those under him whom he claims, to be ascertained and adjusted as provided.
    14 M.R.S.A. § 6956 (1980).

ed that "[a] party does not have a right to a requested ... instruction unless it states the law correctly...." *Schneider v. Richardson*, 438 A.2d 896, 897 (Me.1981). To entitle a tenant to compensation for improvements pursuant to section 6956, his possession must be open, notorious, exclusive and adverse so that if prolonged for a period of twenty years it would give him the fee to the land. *United States v. Burrill*, 107 Me. 382, 387, 78 A. 568, 570 (1910); *Pratt v. Churchill*, 42 Me. 471, 477 (1856). Here, Kelly made no claim by his pleadings nor did the evidence at trial suggest a claim pursuant to section 6956. Because the instruction submitted by Kelly did not include the necessary criteria to support a finding of entitlement to compensation for any claimed improvement, the trial court's rejection of his proposed instruction was not error. Nor was it error for the trial court to deny Kelly's motion for judgment notwithstanding the verdict based on his argument that the court's rejection of his proposed instruction deprived him of the right to have the jury consider this issue.

■ Kelly next contends that the court's refusal to instruct the jury regarding a twenty year period for adverse possession pursuant to 14 M.R.S.A. § 801 (1980) should result in a new trial.[5] However, his answer and his proposed jury instructions, submitted on the second day of the three-day trial, demonstrate his consistent reliance on the forty year provision of section 815. At no time did Kelly move to amend his pleadings to incorporate a defense based on the twenty year period. Kelly first requested such an instruction after the State had moved for a directed verdict at the close of all the evidence. The requested instruction was properly denied. *Wilson v. Strong*, 474 A.2d 176, 179 (Me. 1984); M.R.Civ.P. 15(b).

■ Kelly also challenges the trial court's denial of his motion for a new trial on the ground of alleged juror prejudice. He contends that while the jury was deliberating he learned that the jury foreman's father and grandfather were local game wardens who had visited the disputed land on many occasions and that the foreman's grandfather allegedly refused the State's request to be a witness in this action. Kelly chose not to inform the court of the allegations until the judgment in this case had been entered. We have previously stated that:

> When a party has knowledge of facts, or could with due diligence ascertain facts, bearing on a juror's qualifications to serve on a jury but fails to apprise the court of those facts within such time as to allow it to correct any possible error, the party waives any right subsequently to raise that objection.

*State v. Chattley*, 390 A.2d 472, 477 (Me. 1978); *see Brown v. Reed*, 81 Me. 158, 162, 16 A. 504, 505 (1889) (the party complaining of the relationship after the verdict has the burden to show that neither he nor his attorney knew of the relationship in time to communicate it to the court before the verdict had been rendered). The trial court properly denied Kelly's motion for a new trial.

■ The judgment entered in the Superior Court stated: "Judgment is rendered for plaintiff on the defendant's complaint of adverse possession and Judgment is entered for the plaintiff on its complaint for forcible entry and detainer and a writ of possession is to issue for the premises occupied by the defendant in T18 R10, WELS. This matter is remanded to District Court to issue said Writ." We agree with Kelly's contention that it was improper to enter a judgment for the State on Kelly's claim of adverse possession. A forcible entry and detainer action "is not a plenary action to quiet title to land but is, rather, a summary proceeding to decide who is entitled to the immediate possession of land." *Tozier v. Tozier*, 437 A.2d 645, 647 (Me.1981) (*quot-*

---

5. The statute provides:

No person shall commence any real or mixed action for the recovery of lands, or make an entry thereon, unless within 20 years after the right to do so first accrued, or unless within 20 years after he or those under whom he claims were seized or possessed of the premises, except as provided in this subchapter.

14 M.R.S.A. § 801 (1980).

*ing Bicknell Mfg. Co. v. Bennett,* 417 A.2d 414, 421 (Me.1980)). In this context:

> [T]he Superior Court may properly decide the issue of title; however, it must do so with an awareness that the issue of title *only* determines which of the parties then before the court is entitled to immediate possession of the disputed land to the exclusion of the other. Having decided which party has title, the Court must then make an order 'stating the substance of its adjudication *as to the entitlement to possession.'*

*Id.* (citation omitted) (emphasis in original). Accordingly, we amend the judgment to delete the language "judgment for the plaintiff on the defendant's complaint of adverse possession."

The entry is:

Judgment amended to delete the language "Judgment is rendered for plaintiff on the defendant's complaint of adverse possession" and, as amended, the judgment is affirmed.

All concurring.