STATE OF MAINE                          UNIFIED CRIMINAL COURT
AROOSTOOK, ss                           DOCKET NO.  AROCD-CR-20-30424


STATE OF MAINE                    )
                                  )
        v.                        )   ORDER ON MOTION FOR NEW TRIAL
                                  )
DANA JAMESON                      )


The Defendant was charged by the State in a single count complaint with the offense of Domestic Violence Assault, Class D.  Defendant was represented at trial by Adam Swanson, Esq. and Benjamin Everett, Esq.  The State was represented at trial by Assistant District Attorney Matthew Hunter.  For this matter, jury selection was conducted on December 13, 2021, with a single day jury trial conducted on December 14, 2021.  After trial, the jury returned a verdict of guilty.  After excusing the jury, the court conducted a sentencing hearing and the court sentenced the Defendant to 90 days in jail, all suspended with probation for a period of 2 years.

On December 21, 2021, the Defendant filed a motion for new trial.  The Defendant contends that he was unable to clearly hear any words spoken by any participant who wore a mask.  The court conducted a hearing on the motion on April 4, 2022.  The Defendant was represented by Dan Umphrey, Esq.  The State was represented by Assistant District Attorney Christiana Rein.  The court received testimony from Adam Swanson, Esq., Benjamin Everett, Esq., and the Defendant.  The court received

1

Defendant's Exhibit 1 into evidence, without objection. After consideration of the testimony and evidence presented on the motion, the court finds and orders as follows:

The jury trial and jury selection in this matter was conducted while the world was still in the midst of the Covid-19 pandemic. However, as of the time of the trial the restrictions put in place by the judicial branch were relaxed somewhat from the height of the pandemic. For the Defendant's all trial witnesses while testifying, counsel while addressing the jury or conducting any examination of a witness, and the court during jury instructions, all were permitted to and did remove their masks. The sole contention in the Defendant's motion is that he could not adequately hearing the proceedings and that impacted his ability to adequately defend the charge.

Maine Rule of Unified Criminal Procedure 33 states in pertinent part "[t]he court on motion of the defendant may grant a new trial to the defendant if required in the interest of justice." "Problems discovered or reasonably discoverable before verdict, but not called to the court's attention until after verdict, are usually viewed as waived, subject only to obvious error review, for not being raised when the court might have resolved or limited the problem before the verdict. . . A party complaining of a problem after verdict has the burden to show that neither the party nor counsel knew of or could with due diligence have discovered the problem in time to advise the court of the problem and give the court the opportunity to correct the problem before verdict." *M.R.Crim.P. 33, Comment* (Citing, State v. Daluz, 2016 ME 102, ¶¶47-52, 143 A.3d 800; State v. Kelly, 606 A.2d 786, 788 (Me. 1992); and State v. Chattley, 390 A.2d 472, 477 (Me. 1978).

2

The record in this matter makes clear that the Defendant had a full opportunity to coordinate with his attorneys and prepare his defense for trial. He did not at any time prior to trial bring up hearing issues, except for one occasion during a meeting in a conference room with his attorneys when one or both of them were masked.

The Defendant was late for jury selection day but was present during the selection process for his case. He also participated in the sidebar individual voir dire inquiry conducted outside the presence of the others in the jury pool. The Defendant has presented no credible evidence that his alleged hearing deficits were an issue that in any way impacted his participation in the jury selection process.

During the hearing on the motion for new trial, the Defendant was asked whether he had an adequate opportunity to participate in the trial, the Defendant stated that he did "for the most part" and he was able to recall "maybe once" when he had a hard time hearing but he knows what was said at the time. The Defendant also testified that he was able to follow the testimony by all of the witnesses by hearing their words, reading their lips, or some combination of the two.

The Defendant did not raise to his attorneys or to the court any issues related to his hearing ability. It was not until after the State had rested and the court was addressing his right to testify that the court stumbled on to this issue and was informed by the Defendant that there was an issue with masked speakers. *See, T110:21-23; T110-24-25; T111:2-3*[1]. The court promptly referenced the ability to have a listing device provided to the Defendant, as was the normal procedure for the court at any time a participant brings

---

[1] All references to the transcript of the trial will be stated as T(trial transcript) 110(page):17-20(lines).

3

the issue up. *T110:4-6* ("So, Mr. Jameson should have [a] listening [device] - - have you been able to hear the trial as it's been playing out?"). The court notes that the undersigned was masked at that moment. Upon removing the mask, the court inquired again to the Defendant: "and so have you been able to hear the trial - - that's been going on?" *T111-8-9.* The Defendant indicated that he had. *T111-10*("Yeah"); *T111-12* ("Yeah"). The Defendant declined a listening device. *T111-19* ("No, I'm all set"). The court then instructed the marshal to close the door to the back of the courtroom, from where the devices are stored. *T111-20-21*("THE COURT: We'll need to shut that door. MARSHAL TAGGART: Yeah.").

After the noon recess, the court addressed the Defendant's motion for acquittal and again addressed the ability of the Defendant to hear. The following exchange took place:

"THE COURT: All right. We are back on the record in State vs. Jameson. The Defendant has made a Motion for Acquittal at the close of the State's evidence. So, the test - - and, Mr. Jameson, are you able to hear me okay? Okay. And so, Mr. Jameson, have been able to hear this trial?

THE DEFENDANT: Yes.

THE COURT: Okay.

THE DEFENDANT: With them with the masks off, I can hear it fine.

THE COURT: Okay, But - -

THE DEFENDANT: With the mask, it's - - it sounds muffled.

THE COURT: You can hear something. You just can't hear it clearly.

4

THE DEFENDANT: Well, I can hear it if they got the masks off, okay."

*T115:8-24.* The court wrapped up that area of inquiry by stating "I wanted to make sure you're able to hear what's going on" to which the Defendant responded "yeah." *T116:7-9.* The Defendant made no further note of any issue regarding his ability to hear the proceedings prior to the verdict being announced. The Defendant made no request of any kind of the court related to his ability to hear the proceedings.

The limitations on his ability to hear is couched by the Defendant in terms of his ability to participate in the trial. He equates portions that he now claims he could not hear clearly to being absent from the trial. "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *State v. Fernald,* 248 A.2d 754, 759 (Me. 1968)(Quoting, *Snyder v. Massachusetts,* 291 U.S. 97 (1934)).

An inability to clearly hear something is immediately apparent and therefore not only discoverable before the verdict, but known. The Defendant affirmatively assured the court during the trial when the issue was addressed that he could adequately hear, understand, and follow the proceedings. The Defendant, individual or through counsel, did not request any further accommodation (i.e. read-back, recess, opportunity to again question any of the State's witnesses). There was no credible evidence presented that his ability to communicate with and assist his counsel was in any way hindered.

The court finds that the Defendant has failed to put forth sufficient credible evidence that any difficulty in hearing that the Defendant might have experienced during the trial in any way denied him the substance of a fair trial.

Due to the foregoing, the Defendant's motion for new trial is **DENIED**.

The entry shall be:

For the foregoing reasons, the Defendant's motion for new trial is denied.

Dated: April 5, 2022

_____
Justice, Maine Superior Court